

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Albert J. Hutson, Jr.
County Attorney
Trinity County
Groveton, Texas

Dear Sir:

Opinion No. O-3189
Re: Liability of a school treasurer and a depository bank on its bond under Art. 2832, V. A. C. S.

This is in reply to your inquiry concerning the payment of a school superintendent's salary.

The facts you give are as follows: The Board of Trustees of Trinity Independent School District, after a hearing, discharged its superintendent. He appealed to the State Superintendent of Public Schools, who reversed the decision of the local board; and the local board then appealed to the State Board of Education, and it reversed the State Superintendent's decision and upheld the local board's decision. The discharged superintendent then contested that decision by filing suit in the District Court in Trinity County. After the discharge of the superintendent, the local board employed a new superintendent, who took charge of the district's school. The local board has been issuing monthly vouchers to the new superintendent under the terms of the contract of employment. The treasurer of the school fund for the Trinity Independent School District and the depository bank have refused to pay said vouchers, and they give as their reasons that in the event the former superintendent should prevail in the pending litigation the treasurer and the depository bank would be liable on their bonds for the payment of the new superintendent's vouchers, contending that in such event payment of the new superintendent's vouchers would be an illegal expenditure of school funds. The Trinity Independent School District is an independent district consisting of more than five hundred scholastics and having a scholastic roll of approximately twelve hundred students.

Honorable Albert J. Hutson, Jr., Page 2

The specific questions you ask are as follows:

". . .

"1. Would the treasurer and depository bank be liable on their official bonds in the event they should honor or pay vouchers executed by the school board to the new superintendent under the terms of his contract?

"2. In the event the discharged superintendent should prevail in the pending litigation, would the treasurer and depository bank be, in any way, liable for the payment of vouchers properly executed by the school board to the new superintendent?

"3. In the event you answer the two foregoing questions in the negative and the treasurer and depository bank still refuse to pay the afore said vouchers, can the local school board or new superintendent, either or both, require the treasurer and depository bank to pay said vouchers by mandamus?

"4. Is the treasurer and depository bank liable for the wrongful refusal to pay vouchers properly issued by the school board?

". . ."

The statute that determines the answer to these questions is Article 2832, Vernon's Annotated Revised Civil Statutes of Texas, the material parts of which read as follows:

"In any independent district of more than one hundred fifty (150) scholastics, whether it be in a city which has assumed control of the schools within its limits, or a corporation for school purposes only, and whether organized under general law or created by special act, the treasurer of the school fund shall be that person or corporation who offers satisfactory bond and the best bid of interest on the average daily balances for the privilege of acting as such treasurer. The treasurer when thus selected shall serve for a term of two years and until

his successor shall have been duly selected and
qualified and he shall be required to give bond
in an amount equal to the estimated amount of
the total receipts coming annually into his hands,
when such bond is a personal bond; provided, that
when a bond is executed by a surety company or
is a bond other than a personal bond, such bond
shall be in an amount equal to the highest es-
timated daily balance for the current biennium,
to be determined by the governing body of such
school district; provided, further that such gov-
erning body may, in lieu of the bond herein au-
thorized, accept a deposit of approved securities,
which securities may include bonds of the United
States, or of this State, or of any county, city,
town or independent school district in the State,
or Anticipation Tax Warrants and/or Anticipation
Tax Notes legally issued by the governing body of
such school district, which shall be deposited as
such governing body may direct, in an amount suf-
ficient to adequately protect the funds of such
school district in the hands of the selected
Treasurer.

"Provided, however, that no premium on any
bonds shall be paid out of the funds of any said
district or corporation. Said bond shall be pay-
able to the president of the board and his suc-
cessors in office, conditioned for the faithful
discharge of the treasurer's duties and the pay-
ment of the funds received by him upon the draft
of the president of the school board drawn upon
order, duly entered, of the board of trustees.
Said bond shall be further conditioned that the
treasurer shall safely keep and faithfully dis-
burse all funds coming into his hands as trea-
surer, and shall faithfully pay over to his suc-
cessor all balances remaining in his hands. . ."
(Underscoring ours)

An examination of this statute shows that the only conditions
of the bond, with which the treasurer and the bank must com-
ply, are "the faithful discharge of the treasurer's duties
and the payment of the funds received by him upon the draft

of the president of the school board drawn upon order, duly
entered, of the board of trustees", and that "the treasurer
shall safely keep and faithfully disburse all funds coming
into his hands as treasurer, and shall faithfully pay over
to his successor all balances remaining in his hands".

It is quite apparent that the only specific re-
quirement in the bond for the treasurer and the bank to ful-
fill, involved under the facts you give, is that which re-
quires "the payment of the funds . . . upon the draft of
the president of the school board drawn upon order . . . of
the board of trustees". We assume that the vouchers issued
to the new superintendent have been drawn by the president
of the board upon order of the trustees. The bond does not
require the order of the school board be a legal order.
Under the terms of the bond the treasurer and the bank are
only required to ascertain whether or not the voucher has
been drawn by the president upon order of the trustees.

The only other requirements in the bond are "the
faithful discharge of the treasurer's duties, that the trea-
surer shall safely keep and faithfully disburse all funds"
and that he "shall faithfully pay over to his successor all
balances". According to the opinion in the case of K.C.M.&O.
Ry. Co. v. Whittington & Sweeney, (Tex. Civ. App.) 153 S. W.
689, the word "faithfully" means "truthfully, sincerely and
accurately". Under the facts that you give, we cannot say
that the treasurer and the bank would not be acting "faith-
fully" by paying the vouchers issued to the new superintendent.

We have been unable to find any Texas appellate
court decision on this particular question, but the same rea-
soning we have followed here was used in the case of Oge v.
Froboese, (Tex. Civ. App.) 66 S. W. 686, in which the court
held that a County Treasurer, whose statutory bond was con-
ditioned that he would "safely keep and faithfully disburse
the (county) school fund according to law", was authorized
to pay warrants issued by the county school superintendent
that were valid on their face but had been illegally issued
by the superintendent.

A Kentucky case in point, on a fact situation simi-
lar to this one, is the case of Deposit Bank of Owensboro v.
Daviess County Court, 11 Ky. L. 681, 12 S. W. 930, in which
the court said:

"The bank was not a trustee, but a mere naked
depositary, with the agents of the county to super-
vise its action. The fund was a trust fund, to be

555

applied in a particular way, not by the bank, but by the agents of the county. The bank was required to know that the bond or coupon issued had been signed and delivered,--in other words, that it was a genuine bond, nothing more; and the mere fact that it might have been an overissue created no liability, unless there was fraud and collusion between the bank and the committee in an appropriation of the fund to a purpose they knew was unauthorized. It is stated in the opinion below that the managers of this fund were men of the highest order of integrity; and this entire trouble has originated from a mistaken judgment in the construction of the law under which they acted, . . ."

For the reasons stated above we think it is clearly the duty of the treasurer and the bank to pay the vouchers issued to the new superintendent.

"Mandamus lies to compel the performance of an act which the law enjoins as a duty resulting from an office or trust". 28 Tex. Jur. 536. See also the case of Stewart v. Newton Independent School District, (Tex. Civ. App.) 134 S. W. 2nd 429.

Our answer to your first question is "no".

Our answer to your second question is "no".

Our answer to your third question is that the new superintendent is entitled to compel the treasurer and the bank to pay his vouchers by mandamus.

In view of our foregoing answers we do not think it is necessary that we answer your fourth question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Rotsch_

Cecil C. Rotsch
Assistant

APPROVED MAY 31, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

CCR:mp



APPROVED
OPINION
COMMITTEE
BY